IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:17-CV-64-BO

RUTH E. BROUSSARD, )
)
            Plaintiff, )
)
v. ) O R D E R
)
LOCAL BOOK PUBLISHING. INC. )
and LOCAL 360 MEDIA, INC., )
)
            Defendants. )

This cause comes before the Court on defendants' partial motion to dismiss [DE 9] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have responded, defendants have replied, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion is denied as to defendant Local 360 Media and granted as to defendant Local Book Publishing.

## BACKGROUND

Plaintiff was recruited and hired by defendants as a sales manager for the North Carolina region in March of 2016. Plaintiff received an offer letter from the vice president of sales at Local 360 Media that purported to list her benefits should she accept a job, including an automobile allowance, mileage reimbursement, bonuses, health and dental insurance, moving expenses and up to six months of housing assistance. Plaintiff accepted the position, moved to North Carolina from Louisiana, began the job, and was terminated 16 days later. Plaintiff then filed suit, alleging violations of Title VII of the Civil Rights Act, the Equal Pay Act, the Age Discrimination in Employment Act and North Carolina's Equal Employment Practice Act, as well as wrongful discharge in violation of public policy and breach of contract. Only plaintiff's final claim is

currently before this Court, following defendants' motion to dismiss it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This court has supplemental jurisdiction over the claim under 28 U.S.C. § 1367.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has stated a claim for breach of contract. North Carolina has long recognized the doctrine of employment at will, where either party can terminate the employment relationship at any time. *Edwards v. Seaboard & R.R. Co.*, 28 S.E. 137 (N.C. 1897). However, parties can opt to remove that presumption by contracting for different terms. One way to do so is to contract for a specific length of employment. But "neither the [North Carolina] Supreme Court nor [the] Court [of Appeals] have ever held that the only contractual relationship sufficient to take a particular employment relationship out of the 'employment at will' category is a contract for a definite term of employment." *Franco v. Liposcience*, 676 S.E.2d 500, 511 (N.C. App. 2009). In fact, in *Kurtzman*, the Court specifically denied that. *Kurtzman v. Applied Analytical Industries, Inc.*, 493 S.E. 420, 423 (N.C. 1997) ("We do not, as the dissenting opinion suggests, hold that the

2

establishment of 'a definite term of service' is the sole means of contractually removing the at-will presumption.").

At issue in this case is whether there was an agreement between plaintiff and defendant such that plaintiff was not an at-will employee. The North Carolina Supreme Court has previously ruled squarely on the issue of whether moving in order to take a job is enough to remove the at-will presumption: it is not. *Kurtzman v. Applied Analytical Industries, Inc.*, 493 S.E. 420, 423 (N.C. 1997). But concrete assurances by an employer or additional consideration for taking a job can remove the at-will presumption. *Franco v. Liposcience Inc.*, 676 S.E.2d 500, 551 (N.C. App. 2009); *Kristufek v. Saxonburg Ceramics, Inc.*, 901 F. Supp. 1018, 1023 (W.D.N.C. 1994).

The inquiry here is the following: if all plaintiff alleges is that she relocated for the new job, she has no claim. If she has successfully pled additional facts that show she provided additional consideration and was made specific promises, she has stated a claim.

Merely agreeing to a rate of pay over a specified amount of time does not guarantee a term of service for that time period. *Freeman v. Hardee's Food Systems*, 165 S.E.2d 39, 41-42 (N.C. App. 1969). Likewise, merely agreeing to a bonus structure for a specified amount of performance does not guarantee the right to fully perform that amount. *Wilkerson v. Carriage Park Dev. Corp.*, 503 S.E. 138, 140 (N.C. App. 1998). But several different provisions, when stacked, can operate to remove the at-will presumption. For example, an offer that "specifie[d] a starting date, annual compensation, provision for a bonus 'annually upon successful completion of first and second years of employment,' stock options, moving expenses, and the use of a company vehicle" could be construed to provide for a specific period of employment. *Stewart v. U.S. Corr. Corp.*, 1999 WL 33321101, at *3 (W.D.N.C. 1999). Additionally, in North Carolina,

3

ambiguities in written instruments are strictly construed against the drafting party. *Station Associates, Inc. v. Dare County,* 501 S.E.2d 705 (N.C. App. 1998).

Plaintiff has alleged enough facts to make it inappropriate to dismiss her claim at this stage. Plaintiff argues that the offers of an annual salary, six months' housing assistance, health and dental insurance, an automobile allowance, mileage reimbursement, and sales bonuses, taken all together, constitute definite provisions that operate to remove the at-will presumption. In reliance on these promises, plaintiff took steps she argues she would not have taken otherwise, including selling her home, turning down a different job offer and leaving her job in Louisiana.

Taking all facts and making all inferences in the light most favorable to the plaintiff, this Court finds that plaintiff has stated a claim. Therefore, defendant 360 Media's motion to dismiss should be denied.

As plaintiff herself acknowledges, she alleges no facts to sustain a claim against defendant Local Book Publishing. Therefore, the motion to dismiss as to that defendant is granted.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is DENIED in part and GRANTED in part. [DE 9].

SO ORDERED, this 3 day of October, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE