IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:17-CV-64-BO

| | | |
|---|---|---|
| RUTH E. BROUSSARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LOCAL BOOK PUBLISHING, INC., | ) | |
| and LOCAL 360 MEDIA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion for summary judgment. [DE 31].

The matter has been fully briefed and is ripe for disposition. For the reasons discussed below,

defendants' motion for summary judgment [DE 31] is GRANTED.

BACKGROUND

In March 2016, defendants hired plaintiff as an at-will sales manager for the North Carolina

region. [DE 1, ¶ 13]. Defendants "provide[] advertising services, publish[] telephone directories,

and offer[] a variety of print and digital marketing services in North Carolina, Utah, Maryland,

and Delaware." *Id.* ¶ 14. Defendants effectively operate as one company. [DE 32, ¶ 2].

Plaintiff began work in late April 2016. [DE 1, ¶ 19]. To do so, she sold her home and

moved from Lafayette, Louisiana to New Bern, North Carolina. *Id.* ¶ 48. When she reported to her

new-hire training event in April, plaintiff alleges that she given a "cold reception" by defendants'

executives. [DE 39, p. 4]. A few days later, defendants terminated another employee, who was a

few years older than plaintiff. *Id.* Then, in early May, plaintiff met with three of defendants'

executives and "honestly expressed to them her concerns." [DE 39, p. 5].

Ultimately, plaintiff was terminated the day after that meeting on May 11, 2016. [DE 1, ¶ 107–08]. Another recent hire, Mr. Tommy Ball, took over plaintiff's responsibilities and was given a higher base pay than what plaintiff had received. [DE 39, p. 6]. Plaintiff then filed suit, alleging violations of Title VII of the Civil Rights Act (Title VII), the Equal Pay Act, the Age Discrimination in Employment Act (ADEA), and North Carolina's Equal Employment Practices Act. [DE 1]. Plaintiff also brought a breach of contract claim. *Id.*

In October 2017, following a hearing, the Court partially granted and partially denied defendants' motion to dismiss. [DE 15]. Following a period of discovery, defendants' moved for summary judgment in August 2018. [DE 31]. Plaintiff responded in opposition. [DE 39].

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). In determining whether a genuine issue of material fact exists, a court must view the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). And "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion

for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in original). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). The Court finds that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law.

I. Title VII

Plaintiff has not produced sufficient evidence to support her claim of sex discrimination under Title VII. Plaintiff can establish such a claim (1) "by demonstrating through direct or circumstantial evidence that sex . . . discrimination motivated the employer's adverse employment decision" or (2) by proceeding under the framework for pretext established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Melendez v. Bd. of Ed. for Montgomery Cty.*, 711 Fed. App'x 685, 687 (4th Cir. 2017) (citing *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284 (4th Cir. 2004)). Plaintiff attempts to establish her Title VII sex discrimination claim in both ways. But, as plaintiff has failed to establish sufficient evidence on both counts to survive summary judgment, the claims must be resolved in defendants' favor.

A. Mixed-Motive Claim

To survive summary judgment on her mixed-motive discrimination claim, plaintiff "must produce direct evidence of a stated purpose to discriminate and/or indirect evidence of sufficient probative force to reflect a genuine issue of material fact." *Melendez*, 711 Fed. App'x at 687 (citations omitted); *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). Ultimately, plaintiff needs to show that her sex was one of the factors that motivated her termination. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 317 (4th Cir. 2015). The proof must be sufficient such that a reasonable jury could conclude that sex was a motivating factor in plaintiff's termination. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003).

Put simply, no such evidence—direct or circumstantial—exists in this case. Plaintiff's personal, subjective belief that her termination was discriminatory is not sufficient circumstantial evidence of sex discrimination. *See Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 135 (4th Cir. 2002) (subjective evidence is insufficient to show discriminatory conduct). Further, the fact that plaintiff was hired and fired by the same individuals weighs heavily against any finding of sex discrimination. *Proud v. Stone*, 945 F.2d 796, 797 (4th Cir. 1991). Similarly, the fact that plaintiff's replacement, Mr. Ball, was paid more than her is not indicative of any sex discrimination, because her replacement had a broader array of job responsibilities. In fact, Mr. Ball was hired *prior* to plaintiff's termination to replace a different employee; he was not hired to replace plaintiff. Thus, plaintiff has not presented sufficient evidence in support of her mixed-motive claim.

### B. Single-Motive Claim

"The second method of averting summary judgment is to proceed under a 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Hill*, 354 F.3d at 285 (citing *McDonnell Douglas*, 411 U.S. at 807). To establish a prima facie claim of discrimination, plaintiff must show that (1) she is a member of a protected class; (2) at the time of the adverse action she was performing at a level that met her employer's legitimate expectations; (3) she suffered an adverse action; and (4) similarly situated employees outside of plaintiff's protected class received more favorable treatment. *Gerner v. Cnty. of Chesterfield*, 674 F.3d 264, 266 (4th Cir. 2012). If plaintiff establishes a prima facie case, the burden shifts to the defendant to state a legitimate non-discriminatory reason for her termination; however, this burden "is one of production, not persuasion." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). If the employer meets this burden,

4

the presumption of unlawful discrimination created by the prima facie case dissolves and the burden shifts back to the employee to show that the given reason was a pretext for discrimination. *St. Mary's Honor. Ctr. v. Hicks*, 509 U.S. 502, 510–11 (1993).

Plaintiff fails to establish a prima facie discrimination claim because she cannot point to any similarly situated male employees who received more favorable treatment. In order to show that male employees received different treatment, plaintiff must be able to show that these employees are "directly comparable to [her] in all material respects." *Holtz v. Jefferson Smurfit Corp.*, 408 F. Supp. 2d 193, 206 (M.D.N.C. 2006). Such a showing includes evidence that the employees "dealt with the same supervisor, [were] subject to the same standards and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Haywood v. Locke*, 387 Fed. App'x 355, 359 (4th Cir. 2010).

Plaintiff argues that Mr. Tommy Ball is an appropriate comparator. The Court disagrees. As mentioned above, Mr. Ball was hired to replace a different employee and he had a broader array of responsibilities. Mr. Ball was hired to manage the Delaware and Maryland regions, where defendants did more business, while plaintiff was hired to manage the smaller North Carolina region. Plaintiff and Mr. Ball were not "directly comparable . . . in all material respects." *See Holtz*, 408 F. Supp. 2d at 206. Defendants further point out that plaintiff was paid more than the previous manager for the North Carolina region. Plaintiff has presented no evidence that she was treated differently from similarly situated male employees and, as such, has failed to make a prima facie showing under *McDonnell Douglas*. As plaintiff has failed to introduce sufficient evidence of sex discrimination under Title VII, defendants are entitled to judgment as a matter of law.

II. Equal Pay Act

5

To establish an actionable claim for discrimination under the Equal Pay Act, plaintiff must prove she received less compensation than a male counterpart for performing "equal work on jobs the performance of which requires equal skill, effort, and responsibility." *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). Once a prima facie case is established, the burden shifts to the defendant "to show, by a preponderance of the evidence, that the wage differential resulted from one of the allowable causes enumerated by the statute." *Fowler v. Land Mgmt. Groupe, Inc.*, 978 F.2d 158, 161 (4th Cir. 1992). Surviving summary judgment requires that the plaintiff produce direct or circumstantial evidence that controverts the defendant's legitimate ground for the pay difference. *Brinkley*, 180 F.3d at 615 n.13. Courts must look beyond job titles and job descriptions to evaluate "actual job requirements and performance." *Gustin v. W. Va. Univ.*, 63 Fed. App'x 695, 698 (4th Cir. 2003).

Plaintiff failed to offer any evidence, direct or circumstantial, that supports her claim that she was paid less than her male counterparts. Again, plaintiff and Mr. Ball did not have comparable responsibilities. They also did not have comparable prior backgrounds or experience. *See Ritter v. Mount St. Mary's College*, 814 F.2d 986, 993 (4th Cir. 1987). Plaintiff cannot demonstrate that she was receiving less compensation than a male counterpart and thus fails to carry the burden of proving a prima facie case for discrimination under the Equal Pay Act. Even if she *could* state an actionable claim, plaintiff has presented no evidence that the pay difference between herself and Mr. Ball (or any other male employee, for that matter) was based on sex. Defendants are entitled to judgment as a matter of law on plaintiff's Equal Pay Act claim.

III. ADEA

The ADEA makes it unlawful for an employer to "discharge any individual . . . because of [that] individual's age." 29 U.S.C. § 623 (a)(1). To succeed on an ADEA claim, a plaintiff must

show that age was the but-for cause of her employer's decision. *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 177 (2009). To do so, a plaintiff may either come forward with direct evidence or come forward with circumstantial evidence and satisfy the *McDonnell Douglas* burden-shifting analysis. *See E.E.O.C. v. Warfield-Rohr Casket Co., Inc.,* 364 F.3d 160, 163 (4th Cir. 2004).

Plaintiff has presented no direct evidence of age discrimination. Plaintiff's single reference to a comment made by one of defendants' sales trainers is not indicative of any discriminatory attitude and, even if it were, it was made by an employee who played no role in plaintiff's termination. *See Warch v. Ohio Cas. Ins. Co.,* 435 F.3d 510, 520 (4th Cir. 2006) ("Even if there is a statement that reflects a discriminatory attitude, it must have a nexus with the adverse employment action."). Further, in her response in opposition to defendants' motion for summary judgment, plaintiff "elect[ed] not to proceed with her ADEA claim." [DE 39, p. 25]. Defendants are, therefore, entitled to judgment as a matter of law on plaintiff's ADEA claim.

IV. Wrongful Discharge

Plaintiff also brings a claim for wrongful discharge pursuant to North Carolina public policy as stated in the North Carolina Equal Employment Practices Act (NCEEPA), N.C. Gen. Stat. § 143–422.1, *et seq.* The public policy exception to the North Carolina's "employment-at-will doctrine is a 'narrow exception.'" *Roberts v. First-Citizens Bank & Trust Co.,* 478 S.E. 2d 809, 814 (N.C. Ct. App. 1997) (citation omitted). It is only applicable where (1) "the public policy of North Carolina is clearly expressed within [the] general statutes or state constitution, or (2) potential harm to the public is created by defendant's unlawful actions." *McDonnell v. Guilford County Tradewind Airlines, Inc.,* 670 S.E.2d 302, 306 (N.C. Ct. App.), *disc. rev. denied,* 675 S.E.2d 657 (N.C. 2009).

The same evidentiary standards applicable to Title VII also apply to claims based on the public policy set forth in the NCEEPA. *See, e.g., N.C. Dep't of Corr. v. Gibson*, 301 S.E.2d 78 (N.C. 1983); *Rishel v. Nationwide Mut. Ins. Co.*, 297 F. Supp. 2d 854 (M.D.N.C. 2003). Plaintiff bases her NCEEPA claim and her Title VII claims on the same alleged conduct by defendants. Because plaintiff cannot establish that she suffered any discrimination in violation of Title VII, she also cannot prevail on a claim for wrongful discharge under the public policy set forth in the NCEEPA. *See Jones v. Southcorr, LLC*, 324 F. sup. 2d 765, 783 (M.D.N.C. 2004); *Lenhart v. Gen. Elec. Co.*, 140 F. Supp. 2d 582, 594 (W.D.N.C. 2001). Accordingly, defendants are also entitled to summary judgment on plaintiff's NCEEPA wrongful discharge claim.

V. Breach of Contract

Finally, plaintiff brings a claim for breach of contract. North Carolina has long recognized the doctrine of employment at will, where either party can terminate the employment relationship at any time. *Edwards v. Seaboard & R.R. Co.*, 28 S.E. 137 (N.C. 1897). However, parties can opt to remove that presumption by contracting for different terms. One way to do so is to contract for a specific length of employment. But "neither the [North Carolina] Supreme Court nor [the] Court [of Appeals] have ever held that the only contractual relationship sufficient to take a particular employment relationship out of the 'employment at will' category is a contract for a definite term of employment." *Franco v. Liposcience*, 676 S.E.2d 500, 511 (N.C. App. 2009). In fact, in *Kurtzman*, the Court specifically denied that. *Kurtzman v. Applied Analytical Industries, Inc.*, 493 S.E. 420, 423 (N.C. 1997) ("We do not, as the dissenting opinion suggests, hold that the establishment of 'a definite term of service' is the sole means of contractually removing the at-will presumption."). Moving to take a job, as plaintiff did, is also not sufficient to remove the at-will presumption. *Id.* Merely agreeing to a rate of pay over a specified amount of time does not

guarantee a term of service for that time period. *Freeman v. Hardee's Food Systems*, 165 S.E.2d 39, 41-42 (N.C. App. 1969). Likewise, merely agreeing to a bonus structure for a specified amount of performance does not guarantee the right to fully perform that amount. *Wilkerson v. Carriage Park Dev. Corp.*, 503 S.E. 138, 140 (N.C. App. 1998). Only concrete assurances by an employer or additional consideration for taking a job can remove the at-will presumption. *Franco*, 676 S.E.2d at 551; *Kristufek v. Saxonburg Ceramics, Inc.*, 901 F. Supp. 1018, 1023 (W.D.N.C. 1994).

Plaintiff has not demonstrated that she fits any exception to North Carolina's strong presumption of at-will employment. There is no factual dispute on this claim. The only question is whether plaintiff's offer letter operated as an employment contract. It did not. The offer letter containing her annual salary, benefits, and sales bonuses was not enough to overcome the presumption. Plaintiff was not promised employment for a particular length of time and she was not promised that she would hold the position until terminated for cause. Under North Carolina law, no enforceable employment contract existed; plaintiff was an at-will employee. Thus, defendants are entitled to summary judgment on plaintiff's breach of contract claim.

## CONCLUSION

For the above reasons, defendants' motion for summary judgment [DE 31] is GRANTED. The Clerk is DIRECTED to enter judgment in defendants' favor and close the case.


SO ORDERED, this __8__ day of November, 2018.


TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE